**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM KIBBONS, JR. | ) | |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | Case No. 17-cv-3017 |
| | ) | Honorable Judge |
| | ) | Samuel Der−Yeghiayan |
| DOUBLE JACK PROPERTIES, LLC, | ) | |
| and CARL STRUMILLO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

William Kibbons, Jr. ("Plaintiff") has brought this Complaint against Double Jack Properties, LLC and Carl Strumillo (collectively "Defendants"). Plaintiff has very broadly alleged violations concerning failure to pay overtime, and failure to pay for all hours worked.

Plaintiff has pled that he has been an employee—although this is a conclusory statement, with no factual support or basis—since 2008, and that he is allegedly owed overtime pay. Plaintiff was paid a salary or flat fee—$2500.00 every month—from 2011 until his termination in early 2017. Plaintiff has pled no facts relating to any withholdings taken from his monthly salary, nor made any mention of whether he filed his taxes with a W-2 or a 1099 form. Plaintiff has not pled any facts in support of his conclusion that he is an employee of Defendants, nor even if he was an employee (he was not), that he was not properly a salaried employee. Lastly, Plaintiff's allegations of consistent, continual overtime work over years and years is simply not plausible (and given with no alleged factual support, just a vague bi-weekly hourly range over a 5 year period).

As such, Defendants bring this motion to respectfully ask this Honorable Court to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).

1

**LEGAL STANDARD**

A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) tests the sufficiency of the complaint. "All well-pleaded allegations in the complaint are taken as true, and all reasonable inferences are drawn in the favor of the non-moving party." *DeGeer v. Gillis*, 707 F.Supp.2d 784, 789 (N.D. Ill. 2010). A complaint must state sufficient facts that, if assumed to be true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual allegations to survive a motion to dismiss, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The facts alleged must "raise a right to relief above the speculative level." *Id*. The Supreme Court has clarified that, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009). To show "plausibility" requires allegations that show more than a possibility of liability. *Id*.

**ARGUMENT**

Plaintiff's claims should be dismissed for numerous deficiencies. Plaintiff's Fair Labor Standards Act ("FLSA") claim is not plausible, and wholly lacking any factual support that Plaintiff was legally an employee. Plaintiff's Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment and Collection Act ("IWPCA") claims should then be dismissed because the state law claims have no basis in federal court without supplemental jurisdiction bestowed by the FLSA claim.[1]

---

[1] Although not necessary for this Court to dismiss the pleadings—there are clearly other legal grounds—much of the Complaint is obviously time barred due to the 2 (or 3) year statute of limitations for these claims. Moreover, while factual contests are not appropriate at this procedural stage, the pleading provides no details—because Plaintiff cannot provide details—to support Plaintiff's claim of misclassification as an independent contractor. This is a rather glaring

2

## I.    PLAINTIFF HAS FAILED TO STATE AN FLSA CLAIM.

"It is undisputed that the provisions of the FLSA do not apply unless there is a valid employer-employee relationship." *Bulaj v. Wilmette Real Estate & Mgmt. Co.,* No. 09–C–6263 (N. D. Ill. Oct. 21, 2010), citing *Sec. of Labor, U.S. Dep't of Labor v. Lauritzen,* 835 F.2d 1529, 1534–35 (7th Cir. 1987).   The relevant provision of the FLSA defines an employee as an "individual employed by an employer." 29 U.S.C. § 203(e).

"An employee is covered by the FLSA when either (1) the plaintiff/employee is a covered individual under the FLSA or (2) the employer is a covered enterprise." *Villareal v. El Chile, Inc.*, 776 F.Supp.2d 778 (N. D. Ill. Mar. 9, 2011).  In other words, coverage exists if:  (1) the employee is engaged in commerce (*i.e.,* **individual coverage**); or (2) the employer is an enterprise engaged in commerce (*i.e.,* **enterprise coverage**). *Id.* citing 29 U.S.C. §§ 206, 207 (emphasis added). An "enterprise engaged in commerce" also requires, among other things, annual gross revenue of $500,000 or greater. 29 U.S.C. § 203(s)(1)(A) (emphasis added).

Plaintiff's claim under the FLSA should be dismissed because Plaintiff has not pled—because he cannot plead—that he is entitled to coverage under the FLSA as an individual employee or under enterprise coverage, and the Complaint is completely bereft of any facts or details relating to such.  Plaintiff has not alleged (because he cannot allege) that Defendants knew, or should have known, about Plaintiff's alleged overtime work, as is required to state an FLSA claim.

a.   Plaintiff's Complaint Details Neither Individual Nor Enterprise Allegations as a Basis of FLSA Coverage.

First, Plaintiff was not an employee.  He has not alleged anything (there was no allegations of W-2 received, and no facts about income withholdings) to support that he was.  The only

---

omission because while the definition has been construed broadly, it is well established that independent contractors are not considered employees under the FLSA. *Bennett v. Unitek Glob. Servs., LLC*, No. 10 C 4968 (N.D. Ill. Sept. 9, 2013); *Solis v. Int'l Detective & Protective Serv., Ltd.*, 819 F.Supp.2d 740, 749 (N. D. Ill. 2011).

plausible allegation for his prior status as one of Defendants' employees was not a conclusion is

that Plaintiff received $2500.00 per month. Plaintiff then alleged that Defendants are an enterprise,

but again failed to provide any factual support of such statements.

Next, the FLSA's overtime provisions apply to employees who are "engaged in commerce

or in the production of goods for commerce," or who are "employed in an enterprise engaged in

commerce or in the production of goods for commerce." 29 U.S.C. § 206(a); *id.* § 207(a)(1). For

purposes of the FLSA, "commerce" means "[interstate] trade, commerce, transportation,

transmission, or communication." *Id.* § 203(b). An employee is deemed to have engaged in

commerce if "the 'work is so directly and vitally related to the functioning of an instrumentality

or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local

activity.'" *Jacoby v. Schimka Auto Wreckers, Inc.,* No. 10 C 1452 (N. D. Ill. Aug. 11, 2010),

quoting *Mitchell v. C.W. Vollmer & Co.,* 349 U.S. 427, 429 (1955). Lastly, an enterprise qualifies

as an "enterprise engaged in commerce or in the production of goods for commerce" if it:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or ... has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);
> (B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or
> (C) is an activity of a public agency.

29 U.S.C. § 203(s)(1).

Plaintiff's Complaint mentions that, "Defendant[s] [are] an 'employer' and an 'enterprise

engaged in commerce or the production of goods for commerce' within the definitions of the

FLSA…the IMWL…[and] the IWPCA." See Complaint ¶ 5-6. Plaintiff himself is described as "an employee within the meaning of [each statute]." *Id*. at ¶ 4. These formulaic, conclusory statements are the only clues provided in the Complaint concerning Plaintiff's claim to coverage under the FLSA, and neither provide any facts to support the conclusion that the FLSA applies. Plaintiff has simply taken the required definitions and inserted the word "Defendant" into the same sentence; this conclusory statement falls far below what is required by *Twombly* and *Iqbal*.

In *Urrutia v. Buena Vista Restaurant & Bar*, a chef/kitchen staff member brought suit against his employer alleging minimum wage and overtime violations under the FLSA, IMWL, and IWPCA (for unpaid wages). *Urrutia v. Buena Vista Rest. & Bar*, No. 14 C 01356 (N.D. Ill. Dec. 29, 2014). His employer argued for a dismissal on the basis of inadequate pleading of FLSA coverage, and subsequent lack of supplemental jurisdiction. *Id*. "The Complaint states that he 'handled goods that moved or that were intended to move in interstate commerce.' These allegations are insufficient to raise the inference that his work for the defendants was 'directly and vitally related' to interstate commerce." *Id*. The court denied the employer's motion to dismiss because it was untimely however, the Court on its own motion dismissed all of plaintiff's claims because he failed to adequately plead FLSA coverage, and due to the lack of basis for jurisdiction for the remaining state law claims. *Id*.

Not once in the entirety of the Complaint does Plaintiff even make an effort to allege facts to support either individual or enterprise coverage. Plaintiff does not even allege—unlike *Urrutia*, which was dismissed for inadequate pleading—that he was individually engaged in commerce or anything related to any goods, and the closest the Complaint touches on that subject is to note that, "*If* additional supplies were required, Plaintiff would often purchase them at the local Loews [*sic*][.]" *See* Complaint ¶ 22 (emphasis added). However, Plaintiff does allege that he was

employed by an enterprise, but fails to allege any facts to support this: there is no mention of Defendant having employees engaged in commerce; no allegation of any annual gross volume of sales or business done; and nothing to suggest that Defendant operated a hospital, school, or public agency. By comparison, *Urratia* provided much more information than Plaintiff does in order to plead FLSA coverage, but even though *Urratia* provided more information than the current Complaint it was still inadequate and dismissed by the Court on its own motion. As such, for this deficiency alone Plaintiff's FLSA claim should be dismissed.

      b.   Plaintiff Has Not Alleged that Defendant Knew or Should Have Known about His Purported Overtime Work.

"To state a claim under the FLSA, [Plaintiff] must show that [Defendant] had actual or constructive knowledge of h[is] overtime work." *Kellar v. Summit Seating Inc.*, 664 F.3d 169 (7th Cir. 2011).

Plaintiff's Complaint concerns itself mostly with the allegation that Defendant never paid any overtime premiums. However, Plaintiff also does not allege that Defendant had actual or constructive knowledge of the supposed overtime work. Plaintiff also does not allege that Defendant had any notice of the possibility of his working overtime. *See Chao v. Gotham Registry, Inc.,* 514 F.3d 280, 288 (2d Cir. 2008) (nurses did not tell employer ahead of time that they were working overtime, but the employer had notice because it was aware that the nurses often worked overtime and the nurses reported the overtime in their time sheets). Nor does Plaintiff allege that he reported any overtime hours when he "sent Defendants an accounting of his hours worked." *See* Complaint ¶ 24. Therefore, because Plaintiff has failed to show, or attempted to show, that Defendants had actual or constructive knowledge of his phantom overtime work, Plaintiff has failed to state a claim under the FLSA. In fact, quite inappropriately, Plaintiff pleads that he worked

for five years receiving the same monthly rate of $2500.00, presumably without complaint, until the relationship with Defendants soured and he was terminated.

To conclude, Plaintiff's FLSA claim contains numerous deficiencies and omissions that necessitate dismissal. Plaintiff failed to plead, in any way that would inform Defendants, the basis of his coverage under the FLSA and any supporting allegations for such coverage. Plaintiff also failed to plead whether Defendants knew, or should have known, about his hypothetical overtime work. Indeed, all that remains is that Plaintiff was paid the same amount ($2500.00 every month) since 2011 without change; Plaintiff has no W-2 and has made no allegations concerning tax withholding, nor anything else to demonstrate that he was ever an "employee" of Defendant; and nothing to show that Defendant owes him pay for alleged overtime.

## II. PLAINTIFF'S FLSA CLAIM AGAINST CARL STRUMILLO IS SIMILARLY DEFICIENT.

As with the deficiencies identified in Section I herein, Plaintiff has not alleged any facts whereby Carl Strumillo could be liable under the FLSA as an "employer." The only arguably-factual statement about Defendant Carl Strumillo is contained in paragraph 14 of the Complaint, which alleges (in conclusory fashion) that Strumillo "was in charge of scheduling, paying and directing the work of the Plaintiff." Plaintiff's allegations fall far below the detail required to hold Carl Strumillo personally liable for the alleged violations of the FLSA. *See, e.g., Andrews v. Kowa Printing Corp.*, 217 Ill. 2d 101, 110 (2005), *citing Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966 (6th Cir. 1991) ("[p]ersonal liability under the FLSA is typically found where the officer in question (1) holds a significant ownership interest in the corporation; (2) exercises operation control over significant aspects of the corporation's day-to-day functions, including the compensation of employees…"). Plaintiff has not pled sufficient facts to properly establish, at the pleading stage, that Carol Strumillo is an "employer" under the FLSA. Indeed, Plaintiff has

7

expressly pled that Donald Strumillo (not Carl) is the sole owner of the Defendant-entity. *See*

Complaint at ¶ 10. *See Solis v. Int'l Detective & Protective Serv., Ltd.*, 819 F. Supp. 2d 740, 748

(N.D. Ill. 2011) ("overwhelming weight of authority" holds that only officers with "operational

control" is an "employer" liable under the FLSA).

### III. PLAINTIFF'S STATE LAW CLAIMS SHOULD NOT STAND WITHOUT THE FLSA CLAIM.

Plaintiff's state law claims are brought before this Court on the basis of supplemental

jurisdiction pursuant to § 1367. The relevant portions of statute provides that:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action…
>> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>>
>>> (1) the claim raises a novel or complex issue of State law,
>>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>> *(3) the district court has dismissed all claims over which it has original jurisdiction,* or
>>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (a) and (c) (emphasis added).

Plaintiff has failed to adequately plead a cause of action under the sole Federal claim that

he has brought. As such, without the FLSA claim, there are no remaining Federal claims, and

therefore no original jurisdiction, and this Court should decline to exercise supplemental

jurisdiction over the remaining state law claims, particularly because this Complaint can be

brought in State Court without issue (and the FLSA and IMWL claims are duplicative anyway).[2]

---

[2] While these counts should be dismissed on jurisdictional grounds, even a cursory review of the state law claims show that they could not stand. Courts have ruled that such claims should be given the same analysis. The Illinois Administrative Code specifically states that interpretations of the FLSA should provide guidance to parties interpreting the IMWL, and it sets forth a six-factor test for determining employee status that is virtually identical to the FLSA test. Ill. Admin. Code tit. 56, §§ 210.110, 210.120. *Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12 CV 5710 (N.D. Ill. Sept. 19, 2013). *See also Jaworski v. Master Hand Contractors, Inc.*, No. 9 C 7255 (N. D. Ill. Mar. 27, 2013)

Moreover, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). *See also Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996) (reminding district courts that there is a presumption against retaining jurisdiction of supplemental state law claims when the federal claims are dismissed before trial and a concomitant need to state the ground on which the court believes the presumption has been rebutted). Thus, the IMWL and IWPCA claims should be dismissed as well.

## CONCLUSION

WHEREFORE, Defendants DOUBLE JACK PROPERTIES, LLC., and CARL STRUMILLO respectfully requests that this Court grant their Motion to Dismiss, and for such other relief as this honorable Court deems equitable and just.

<br>

Respectfully Submitted,
**DOUBLE JACK PROPERTIES, LLC.,**
**and CARL STRUMILLO**

Robert L. Dawidiuk, ARDC #6282717
rdawidiuk@collinslaw.com                          By: Robert L. Dawidiuk
Jeffrey M. Cisowski, ARDC #6308759                      One of their Attorneys
jcisowski@collinslaw.com
THE COLLINS LAW FIRM, P.C.
1770 Park Street, Suite 200
Naperville, IL 60563
(630) 527-15951

---

(granting summary judgment for defendant on IMWL claims "[b]ecause the plaintiffs are unable to establish that they were employees under the FLSA, they also fail to show that they are employees under the IMWL").