IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM KIBBONS, JR., <br><br> Plaintiff, <br><br> v. <br><br> DOUBLE JACK PROPERTIES, LLC, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) No. 17 C 3017 <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND

Plaintiff William Kibbons, Jr. (Kibbons) allegedly began working for Defendant Double Jack Properties, LLC (Double Jack) in 2008. Kibbons claims that, although he was an employee of Double Jack, he was classified as an independent contractor by Double Jack so that Double Jack could circumvent the need to pay him overtime. In 2011, Double Jack allegedly stopped paying Kibbons an hourly rate and began paying him a flat $2,500 per month, regardless of hours

1

worked by him. Kibbons has brought the instant action against Double Jack, and Defendant Carl Strumillo (Strumillo), who allegedly oversees the day-to-day management of Double Jack. Kibbons includes in his complaint claims alleging a failure to pay overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (Count I), claims brought under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (Count II), and claims brought under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (Count III). Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007));

*see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants argue that Kibbons has not alleged sufficient facts to state a valid FLSA claim and that the remaining state law claims should be dismissed.

I. Employee Status

Defendants argue that Kibbons was not an employee of Defendants. However, whether or not Kibbons was an employee is a legal conclusion that must be determined based upon the evidence in this action. The Seventh Circuit has stated that whether an individual is deemed an employee under FLSA "depends on the totality of circumstances rather than on any technical label," and that "courts must examine the economic reality of the working relationship between the alleged employee and the alleged employer to decide whether Congress intended the FLSA to apply to that particular relationship." *Berger v. Nat'l Collegiate Athletic Ass'n*,

843 F.3d 285, 290 (7th Cir. 2016)(internal quotations omitted)(quoting *Vanskike v. Peters*, 974 F.2d 806, 807 (7th Cir. 1992)). Defendants are seeking to delve into facts and evidence beyond the pleadings and their argument is thus premature. Kibbons provides ample allegations suggesting that he might have qualified as an employee. Kibbons provides details concerning his job responsibilities, the type of supervision, and assignment of work, and Double Jack's pay practices. (Compl. Par. 16-24). Kibbons has provided sufficient allegations to plausibly suggest he may have been an employee of Defendants. The court notes, however, that at the summary judgment stage, Kibbons will need to point to sufficient evidence to establish this point.

## II. Double Jack Employer Status

Defendants argue that Kibbons has not shown that Double Jack was Kibbons' employer. Defendants argue that Kibbons has not shown that Double Jack is an enterprise that is engaged in commerce and has an annual gross revenue of $500,000 or greater, and has not shown that Double Jack is covered by the FLSA. Again, such a matter is a legal conclusion that can be determined after a consideration of the evidence. Kibbons alleges that Double Jack is an entity covered by FLSA and Kibbons is not required to collect evidence and present such facts in an initial pleading. If Defendants truly believe that they can show that Double Jack does not qualify as an employer under FLSA, they can seek leave to immediately move for

summary judgment on that limited issue.

III. Strumillo Employer Status

Strumillo also argues that he could not be considered the employer under FLSA. The FLSA defines an employer to include "any person acting directly or indirectly in the interest of an employer in relation to an employee," and can include a "supervisor who uses his authority over the employees whom he supervises. . . ." *Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001)(quoting 29 U.S.C. § 203(d)). Kibbons presents allegations indicating that Strumillo had control over his work, job assignments, and pay. (Compl. Par. 11, 12, 19, 31-32). Kibbons has alleged sufficient facts to plausibly suggest that Strumillo might be liable under FLSA.

IV. Knowledge of Hours Worked

Defendants argue that there are no allegations that they had knowledge of the hours worked by Kibbons. Kibbons clearly alleges he was working in excess of 40 hours per week without overtime pay. Kibbons further alleges that he has maintained records as to his hours worked, and sent Defendants an accounting of his hours worked. (Compl. Par. 24, 34). There are sufficient allegations to plausibly suggest that Defendants could have been aware of the hours Kibbons worked. In addition, the facts alleged suggests that Defendants should have been aware Kibbons might have been owed overtime and ignored that possibility. If Kibbons was an

employee, as he alleges, Double Jack could not have simply paid him a flat monthly salary without regard to his hours. Based on the above, the motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is denied.

*Samuel Der-Yeghiayan*
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 14, 2017